UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
RAMNARAIN SINGH, and SEECOOMARIE SINGH

              Plaintiffs,

   -against-

THE CITY OF NEW YORK, JUAQUIN BONILLA,
and JOHN DOES # 1-4

             Defendants.
----------------------------------------------------------------x

CV 07 2494

BLOCK, J.
GOLD, M.J.

COMPLAINT

JURY TRIAL DEMANDED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 20 2007 ★

BROOKLYN OFFICE

Plaintiffs Ramnarain Singh and Seecoomarie Singh, by and through their attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, LLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiffs, RAMNARAIN SINGH and SEECOOMARIE SINGH, seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 and 42, this being an action seeking redress for the violation of plaintiffs' constitutional and civil rights

1

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiffs respectfully request that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs have each filed a Notice of Claim with the Comptroller of the City of New York on or about May 11, 2007 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiff Ramnarain Singh ("Mr. Singh") is 59 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings.

8. Plaintiff Seecoomarie Singh ("Mrs. Singh") is 54 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Kings. .

9. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

11. Defendants BONILLA and DOES are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of THE CITY OF NEW YORK. Defendants BONILLA and DOES are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

12. Defendants BONILLA and DOES are sued individually.

## STATEMENT OF FACTS

13. In 2001, plaintiffs Mr. and Mrs. Singh while owning a legal two-family home located at 3801 Quentin Road occupied the first floor apartment and rented out the basement to tenant Wendy Gettenberg. After many altercations with said tenant, plaintiffs settled in Landlord-Tenant court and said tenant was to leave the premises by December 10, 2006.

14. On November 18, 2006 at approximately 10:30 P.M. defendants BONILLA and DOES went to the residence of plaintiffs Mr. and Mrs. Singh without probable cause, without a warrant, and pressed on the doorbell continuously for over thirty seconds until plaintiff Mrs. Singh came to the door.

15. Defendant DOE # 1, in civilian clothes informed Mr. Singh that he was being arrested for unlawful eviction with the charge of shutting off his tenant's heat, and that he had thirty seconds to get dressed.

16. When Mrs. Singh asked defendants what their reason was for coming to her home, she was told to shut up, her hands were pulled behind her back and she was also handcuffed.

17. When Mrs. Singh informed the defendants that she had surgery on her hand just days prior and that the handcuffs were causing excruciating pain, defendant DOE #1 told her again to "shut up", and slammed the left side of her body and face against the wall, breaking the $4,500 hearing aid that was positioned in her left ear.

18. While witnessing the entire incident, plaintiffs' twenty-seven (27) year-old daughter was also told to shut up and threatened with arrest.

4

19. Plaintiffs Mr. and Mrs. Singh were taken from their home down to the 63rd precinct where they sat with Mrs. Singh handcuffed to a bench until approximately 4:00 A.M. Mrs. Singh was still in her nightgown and had not been permitted to change prior to leaving her home.

20. On November 19, at 4:00 A.M. plaintiffs were taken to central booking, where Mrs. Singh was separated from her husband, and again handcuffed to a bench. Both plaintiffs had their pictures taken, however neither plaintiff was fingerprinted. The plaintiffs were informed that the charge against them was unlawful, that the arrest was unlawful, and that both plaintiffs' records had been cleared.

21. On November19, at approximately 8:00 A.M, after receiving a summons to appear in court, both plaintiffs were released. It should be noted that November 19 is plaintiff Mrs. Singh's birthday.

22. The plaintiffs had to appear in court two times retaining an attorney at a cost of $1,500.00 to represent them on the charges of unlawful eviction. On April 23, 2007 the above mentioned summonses were dismissed by the criminal court.

23. Both plaintiffs, suffering from emotional trauma sought one session each of psychotherapy and had to pay over $300.00 out of pocket. The reason why the plaintiffs have not returned for more treatment is for financial reasons alone and not for lack of necessity.

24. It should be noted that Mrs. Singh's broken hearing aid was beyond repair and that Mrs. Singh, unable to afford a new hearing aid until April was thus without one for 6 months, and was only able to replace it with an aid costing over $6,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## US CONSTITUTION AND 42 U.S.C. § 1983
## BY BONILLA AND DOES

25. Plaintiff RAMNARAIN SINGH repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of RAMNARAIN SINGH and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants, defendants BONILLA and DOES, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

27. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE
## US CONSTITUTION AND 42 U.S.C. § 1983
## BY BONILLA AND DOES

28. Plaintiff SEECOOMARIE SINGH repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

29. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of SEECOOMARIE SINGH and in failing to protect her from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants BONILLA and DOES, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

30. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION
### DEPRIVATION OF RIGHTS UNDER THE
### UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY
### THE CITY OF NEW YORK

31. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

32. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants BONILLA and DOES had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

33. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants BONILLA and DOES had de facto policies, practices, customs and usages of failing to properly train,

7

screen, supervise or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

34. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and were otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FALSE ARRENT and FALSE IMPRISONMENT

35. Plaintiff RAMNARIAN SINGH repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

36. By the actions described above, defendants BONILLA and DOES falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

37. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FALSE ARREST and FALSE IMPRISONMENT

38.     Plaintiff SEECOOMARIE SINGH repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

39.     By the actions described above, defendants BONILLA and DOES falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

40.     As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## NEGLIGENCE

41.     Plaintiff RAMNARAIN SINGH repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

42.     Defendants BONILLA and DOES negligently caused injuries, emotional distress and damage to the plaintiff RAMNARAIN SINGH. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

43. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### NEGLIGENCE

44. Plaintiff SEECOOMARIE SINGH repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

45. Defendants BONILLA and DOES negligently caused injuries, emotional distress and damage to the plaintiff SEECOOMARIE SINGH. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

46. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

47. Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

48. Defendant THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants BONILLA and DOES. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiffs and

violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

49. As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A NINTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

50. Plaintiff RAMNARAIN SINGH repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

51. Defendants BONILLA and DOES negligently caused emotional distress and damage to the plaintiff RAMNARAIN SINGH. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

52. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A TENTH CAUSE OF ACTION
## NEGLIGENT INFLICTION OF EMOTIONAL HARM

53. Plaintiff SEECOOMARIE SINGH repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

54. Defendants BONILLA and DOES negligently caused emotional distress and damage to the plaintiff SEECOOMARIE SINGH. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55. As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorneys' fees;

e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
June 20, 2007

                                  Respectfully submitted,

                                  **SCOTT G. CERBIN, LLC**
                                  Counsel for the Plaintiff

                                  By: Scott G. Cerbin (SC5508)
                                  26 Court Street, Suite 810
                                  Brooklyn, New York 11242
                                  (718) 596-1829